■ In the Matter of the Custody of FRANCES ZORAYDA R. and Others, Infants. CARDINAL McCLOSKEY CHILDREN'S AND FAMILY SERVICES, Respondent; LUIS M., Appellant. [632 NYS2d 572] —Order of disposition, Family Court, New York County (Ruth Jane Zuckerman, J.), entered April 5, 1994, which revoked a suspended judgment for respondent's noncompliance, terminated respondent's parental rights based on his prior admission to permanent neglect, and transferred custody to petitioner and the Commissioner of Social Services for the purpose of adoption by the foster parent, unanimously affirmed, without costs.

The evidence at the fact-finding hearing was more than sufficient to show that respondent failed to comply with the suspended judgment. Respondent was fully informed of the consequences of noncompliance, and thus was not harmed by the omission in the judgment of the warning required by 22 NYCRR 205.50 (b) that noncompliance could lead to its revocation. We agree with Family Court that the children's best interests would be served by terminating the parental rights of respondent and freeing the children for adoption. Respondent has consistently abdicated his parental rights and made no showing that he is capable of caring for the children. The foster mother is committed to the adoption, capable of meeting the special needs of the children, who have expressed a desire to live with her, and has successfully reared three children of her own. The children's maternal aunt, offered by respondent as a resource, strongly dislikes respondent, had not seen the children for at least two years prior to the hearing, and otherwise had no relationship with them. Respondent was not aggrieved by the reopening of the dispositional hearing after his surrender agreement, which was conditional on the adoption of the children by their then foster parents and negated by those foster parents' decision not to proceed with the adoption, since respondent had agreed in open court to restore the case to the calendar in the event this condition was not fulfilled (see, Matter of Manuel S., 216 AD2d 569). Respondent received advance notice of the hearing and was represented by counsel who fully participated therein. Concur—Ellerin, J. P., Rubin, Kupferman, Williams and Mazzarelli, JJ.